IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CR-00079-KDB-DCK-1

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KEITH DESHON ADAMS | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a reduction of sentence based on the First Step Act of 2018 (Doc. No. 28).

The defendant pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1), and one count of distributing and possession with intent to distribute heroin, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C). Section 404(c) of the First Step Act specifies that a court "shall not entertain" a reduction motion where the sentence was imposed in accordance with the Fair Sentencing Act of 2010. Here, the defendant was sentenced on April 8, 2015, (Doc. No. 23: Judgment at 1), well after the effective date of the Fair Sentencing Act. Therefore, he is not eligible for a sentence reduction under the First Step Act.

In his motion, Defendant claims that "this court sentenced [him] to an enhanced sentence under U.S.S.G. § 2K2.1. In light of *Johnson v. United States,* 135 S. Ct. 2551 (June 26, 2015), [his] sentence violates due process of law because it was based on the unconstitutionally vague residual clause in the Sentencing

Guidelines." (Doc. No. 28, at 1). Regrettably for Defendant, the Supreme Court did not hold the residual clause in the Sentencing Guidelines unconstitutional. In fact, in *Beckles v. United States,* 137 S. Ct. 886, 892 (2017), the Supreme Court specifically held that *Johnson* failed to invalidate the advisory Sentencing Guidelines' former definition of "crime of violence," U.S.S.G. § 4B1.2(a)(2) (2006), which was "identically worded" to the residual clause in the Armed Career Criminal Act (ACCA) struck down in *Johnson*. Thus, *Johnson* dealt only with the residual clause of the ACCA—a federal enhancement statute. *Johnson* did not discuss the identically worded residual clauses in the Sentencing Guidelines.

The defendant also asks the Court to appoint him counsel to assist him with his request for a sentence reduction under the First Step Act. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000) (quoting *Coleman v. Thompson,* 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings, . . . [a] motion for reduction of sentence does not fit into this category." *Legree,* 205 F.3d at 730 (internal citation omitted).

**IT IS, THEREFORE, ORDERED** that the defendant's motion for reduction in sentence, (Doc. No. 28) is **DENIED**.

Signed: December 2, 2020

Kenneth D. Bell
United States District Judge